# Exhibit C

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 24CV052676-590 |

| | |
|---|---|
| RAMIRO SERAFIN FLORES, Individually and on Behalf of the Estate of ALEJANDRO SERAFIN GUERRERO, MA ESTHER GEURRERO REYES, JUAN RINCON SOTO, Individually and on Behalf of the Estate of JUAN HUMBERTO RINCON MARTINEZ, ANA LUISA MARTINEZ CERVANTES, ELIZABETH GARCIA DIOSDADO, INDIVIDUALLY AND AS NEXT FRIEND OF A.S.R.G., D.V.R.G. AND J.H.R.G., BLANCA SUGEY GUZMAN SANCHEZ, as Next Friend of E.H.R.G., EMMA REYNA DAVILA Individually and on Behalf of the Estate of PORFIRIO JAVIER SANZHEZ MENDOZA, VALERIA SANCHEZ REYNA, Individually, TRINIDAD VALVERDE ESPERICUETA, individually and as Representative of the Estate of OLEGARIO ANDRADE ZAMORANO, EDWIN IGNACIO ANDRADE VALVERDE, JESSICA JANETH ANDRADE VALVERDE and CARLOS GEOVANNI ANDRADE VALVERDE | |
| Plaintiffs, | **AMENDED COMPLAINT** <br> **(JURY DEMANDED)** |
| vs. | |
| RTX CORPORATION and COLLINS AEROSPACE | |
| Defendant. | |

COME NOW, RAMIRO SERAFIN FLORES, Individually and on Behalf of the

1

Estate of ALEJANDRO SERAFIN GUERRERO, MA ESTHER GUERRERO REYES, JUAN RINCON SOTO, Individually and on Behalf of the Estate of JUAN HUMBERTO RINCON MARTINEZ, ANA LUISA MARTINEZ CERVANTES, ELIZABETH GARCIA DIOSDADO, individually, and as next friend of A.S.R.G., D.V.R.G. and J.H.R.G., BLANCA SUGEY GUZMAN SANCHEZ, as Next Friend of E.H.R.G, EMMA REYNA DAVILA Individually and on Behalf of the Estate of PORFIRIO JAVIER SANZHEZ MENDOZA, VALERIA SANCHEZ REYNA, Individually, TRINIDAD VALVERDE ESPERICUETA, individually and as Representative of the Estate of OLEGARIO ANDRADE ZAMORANO, EDWIN IGNACIO ANDRADE VALVERDE, JESSICA JANETH ANDRADE VALVERDE and CARLOS GEOVANNI ANDRADE VALVERDE (hereinafter "Plaintiffs") and hereby state the following as their Original Complaint against COLLINS AEROSPACE.

## PARTIES

1. Plaintiff, RAMIRO SERAFIN FLORES is an individual residing outside of the United States. Plaintiff, RAMIRO SERAFIN FLORES is the father of ALEJANDRO SERAFIN GUERRERO and brings claims as a wrongful death beneficiary and as Representative of the Estate of ALEJANDRO SERAFIN GUERRERO.

2. Plaintiff, MA ESTHER GUERRERO REYES is an individual residing outside of the United States. Plaintiff, MA ESTHER GUERRERO REYES is the mother of ALEJANDRO SERAFIN GUERRERO and brings claims as a wrongful death beneficiary.

2

3. Plaintiff, JUAN RINCON SOTO, is an individual residing outside of the United States. Plaintiff, JUAN RINCON SOTO is the father of decedent JUAN HUMBERTO RINCON MARTINEZ and brings claims individually as a wrongful death beneficiary, and as Representative of the Estate of JUAN HUMBERTO RINCON MARTINEZ.

4. Plaintiff, ANA LUISA MARTINEZ CERVANTES, is an individual residing outside of the United States. Plaintiff, ANA LUISA MARTINEZ CERVANTES is the mother of Juan Humberto Rincon Matinez and brings claims individually as a wrongful death beneficiary.

5. Plaintiff, ELIZABETH GARCIA DIOSDADO is an individual residing outside of the United States. Plaintiff, ELIZABETH GARCIA DIOSDADO is the wife of decedent JUAN HUMBERTO RINCON MARTINEZ and brings claims individually, and as next friend of A.S.R.G., D.V.R.G. and J.H.R.G., sons of decedent JUAN HUMBERTO RINCON MARTINEZ, as a wrongful death beneficiaries.

6. Plaintiff, BLANCA SUGEY GUZMAN SANCHEZ is an individual residing outside of the United States. Plaintiff, BLANCA SUGEY GUZMAN SANCHEZ is the mother of E.H.R.G., son of decedent JUAN HUMBERTO RINCON MARTINEZ and brings claims as next friend of E.H.R.G. as a wrongful death beneficiary.

7. Plaintiff, EMMA REYNA DAVILA, is an individual residing outside of the United States. Plaintiff, EMMA REYNA DAVILA is the wife of decedent

PORFIRIO JAVIER SANCHEZ MENDOZA brings claims individually as a wrongful death beneficiary and as Representative of the Estate of PORFIRIO JAVIER SANCHEZ MENDOZA.

8. Plaintiff, VALERIA SANCHEZ REYNA, is an individual residing outside of the United States. Plaintiff, VALERIA SANCHEZ REYNA is the adult daughter of decedent PORFIRIO JAVIER SANCHEZ MENDOZA and brings claims individually as a wrongful death beneficiary of PORFIRIO JAVIER SANCHEZ MENDOZA.

9. Plaintiff TRINIDAD VALVERDE ESPERICUETA, is an individual residing outside of the United States. Plaintiff, TRINIDAD VALVERDE ESPERICUETA is the wife of decedent OLEGARIO ANDRADE ZAMORANO brings claims individually as a wrongful death beneficiary and as Representative of the Estate of OLEGARIO ANDRADE ZAMORANO.

10. Plaintiff, EDWIN IGNACIO ANDRADE VALVERDE, is an individual residing outside of the United States. Plaintiff, EDWIN IGNACIO ANDRADE VALVERDE is the adult son of decedent OLEGARIO ANDRADE ZAMORANO and brings claims individually as a wrongful death beneficiary of OLEGARIO ANDRADE ZAMORANO.

11. Plaintiff, JESSICA JANETH ANDRADE VALVERDE, is an individual residing outside of the United States. Plaintiff, JESSICA JANETH ANDRADE VALVERDE is the adult daughter of decedent OLEGARIO ANDRADE ZAMORANO and brings claims individually as a wrongful death beneficiary of

OLEGARIO ANDRADE ZAMORANO.

12. Plaintiff, CARLOS GEOVANNI ANDRADE VALVERDE, is an individual residing outside of the United States. Plaintiff, CARLOS GEOVANNI ANDRADE VALVERDE is the adult son of decedent OLEGARIO ANDRADE ZAMORANO and brings claims individually as a wrongful death beneficiary of OLEGARIO ANDRADE ZAMORANO.

13. Defendant, RTX Corporation, is a foreign corporation authorized to do business in the State of North Carolina with a principal place of business located in Mecklenburg County, NC.

14. Defendant, COLLINS AEROSPACE, is a wholly owned subsidiary and/or division of Defendant RTX with its principal place of business located in Mecklenburg County NC.

15. Goodrich Corporation was a corporation operating in North Carolina at the time of the design, manufacture and overhaul of the subject servo control units, in which the design manufacture and overhaul services may have been performed under the name of Goodrich Corporation. During this time, Goodrich Corporation became part of Collins Aerospace, a wholly owned subsidiary and/or division of Defendant RTX with its principal place of business located in Mecklenburg County NC.

## JURISDICTION AND VENUE

16. Jurisdiction is proper in this Court because the State of North Carolina is the resident state of Defendants who designed parts, manufactured parts, supplied

parts, or rendered services regarding component parts on the helicopter at issue within the State of North Carolina, which component parts, namely the servo control units, caused or contributed to cause the failure of the helicopter and /or other component parts which caused the injuries to Plaintiffs.

17. Furthermore, venue is proper in Mecklenburg County, North Carolina under the North Carolina General Statutes because it is the county where Defendants maintain their headquarters and principal place of business.

## FACTS

18. On November 17, 2022, Alejandro Serafin Guerrero, Juan Humberto Rincon Martinez, and Porfirio Javier Sanchez Mendoza prepared for a flight in Aguascalientes, Mexico. They boarded the subject helicopter and took off on their flight. The helicopter crashed before reaching its final destination near Jesus Maria, Aguascalientes, Mexico. Upon impact, the helicopter was engulfed in flames and all occupants of the helicopter perished. Upon information and belief, the servo control units were defective and unreasonably dangerous, causing the Subject Helicopter to crash and kill all occupants, including Alejandro Serafin Guerrero, Juan Humberto Rincon Martinez, Porfirio Javier Sanchez Mendoza, and Olegario Andrade Zamorano.

6



**IDENTIFICATION OF AIRCRAFT AND DEFECTIVE COMPONENTS**

19. The helicopter which caused the injuries to Plaintiffs is identified as a 2007 Airbus Helicopter, AS 350B3 model, Aircraft Serial Number: 4297, registered in Mexico as XC-GEA.

20. Based upon information and belief, the helicopter encountered a loss of control because of defective servo control units on the helicopter. When the servo control units failed, the pilots lost the ability to manipulate the flight control systems and caused the helicopter to crash. Based upon information and belief, the servo control units were designed, manufactured, and overhauled by Defendants.

21. Plaintiffs reserve the right to re-plead, adding more Defendants, as more facts and information regarding this incident are discovered.

7

## COUNT 1:

## DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANTS

22. Plaintiffs hereby incorporate all prior allegations.

23. Defendants designed, manufactured, assembled, supplied, distributed, and/or sold the aforementioned engine and/or related component parts used therein in the course of their business.

24. The aforesaid servo control units and/or related component parts used therein were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses.

25. The helicopter was powered by three servo control units, which were designed, manufactured, marketed, and distributed by Defendants.

26. Defendants designed, manufactured, marketed, and distributed the servo control units.

27. Defendants were also responsible for after-market support for the servo control units including the provision of technical maintenance and overhaul instructions to operators of the helicopter and overhaul facilities.

28. Defendants were also required to establish safe operating limits for the servo control units and a safe service life for the servo control units and related component parts. Further, Defendants were required to publish specifications, manuals and instructions for retirement, replacement and/or refurbishment of the components of the servo control units to ensure continued airworthiness.

29. The servo control units failed due to defects in the design, manufacture,

8

marketing and distribution of the servo control units.

30. Defendants failed to use reasonable care and skill in the design, manufacture, marketing and distribution of the servo control units and failed to warn of defects inherent in the design or resulting from the manufacture of the servo control units and related component and/or replacement parts.

31. Particulars of the negligence of Defendants, including failure to warn, presently known to the Plaintiffs include the following:

   a. failing to use reasonable care and skill in the design, manufacture and testing of the servo control units;

   b. failing to adequately assess the reliability of the servo control units and its suitability for use in a single engine, passenger carrying aircraft;

   c. failing to adequately monitor the reliability of the servo control units in service;

   d. failing to use reasonable care and skill in the establishment of standards and specifications for the repair, refurbishment and overhaul of the servo control units;

   e. failing to establish adequate procedures for the periodic inspection, and replacement of the servo control units and/or related component parts;

   f. failing to recall or to inform operators of servo control units to replace;

   g. failing to adequately investigate and inform operators of prior instances of failure or malfunction of the servo control units;

   h. failing to report defects, failures and malfunctions of the servo control

9

units to the FAA or governing body;

i. failing to provide adequate instructions for the overhaul of servo control units so as to ensure the servo control units would be returned to service in an airworthy condition; and

j. such further and other particulars as may be proven at the trial of this matter.

32. In the alternative, Defendants are liable for design and manufacturing defects in the servo control units.

33. The aforesaid helicopter was used in a manner reasonably anticipated by these defendants and others; however, as a result of said use, Plaintiffs suffered the damages detailed above.

## COUNT 2:

**NEGLIGENT FAILURE TO USE ORDINARY CARE TO MAINTAIN, SERVICE, OVERHAUL, AND/OR INSPECT THE SERVO CONTROL UNITS BY DEFENDANTS**

34. All prior allegations are hereby incorporated by reference.

35. Defendants were under a duty, pursuant to federal regulations and/or standards for reasonable care in the helicopter/servo control unit maintenance industry, to use that degree and standard of care used by other reasonably prudent helicopter/servo control unit maintenance persons/firms/companies in the helicopter maintenance industry, under the same or similar circumstances.

36. Defendants held themselves out as a maintenance firm which would carefully and competently repair, maintain, inspect, and overhaul, plus supply or

10

maintain reasonably safe servo control units and/or related component parts for the helicopter at issue, all in accordance with federal regulations and/or standards for reasonable care in the helicopter/servo control unit maintenance industry.

37. Defendants breached said duty of care when it performed services (or failure to provide same) and/or supplied (or failed to be supplied) parts for the helicopter/servo control units which took the lives of all occupants of the helicopter.

38. The services (or failure to provide same) and/or parts supplied (or failed to be supplied) by Defendants caused or contributed to cause the helicopter crash which took the lives of all occupants of the helicopter in one or more of the following negligent respects:

   (a) providing or creating an improperly maintained and/or repaired and flawed servo control units and/or related component parts thereof;

   (b) failing to properly machine, retool, service, repair, overhaul, test, or replace the servo control units and/or related component parts thereof;

   (c) failing to properly install or reinstall or assemble the servo control units and/or related component parts thereof;

   (d) failing to properly inspect, examine, and/or test any new and/or replacement parts, including servo control units, and/or

11

(e) other acts or failures to act which are presently unknown but which shall become known through discovery in this case.

39. Defendants knew or should have known of the potential that it had created a dangerous condition with respect to the helicopter/servo control units which took the lives of its occupants.

40. As a result of Defendants' breach(es), Plaintiffs suffered the damages described below.

## COUNT 3:

## GROSS NEGLIGENCE BY DEFENDANTS

41. All prior allegations are hereby incorporated by reference.

42. Defendant's failure to properly design, manufacture, service, overhaul and/or supply parts for the Subject Helicopter created or allowed to remain in an unreasonably dangerous condition created by their actions and/or omissions constitutes gross negligence as that term is defined under North Carolina law. Defendant's acts and/or omissions, when viewed objectively from Defendant's standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Moreover, Defendant had actual subjective awareness of the unreasonably dangerous risk of injury and death posed by its activities, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of all occupants of the plane, Plaintiffs, and others. Defendant's gross negligence was a proximate cause of Plaintiffs' injuries and damages.

12

# DAMAGES

## WRONGFUL DEATH OF ALEJANDRO SERAFIN GUERRERO

43. As a direct and proximate result of the previously discussed negligent conduct of Defendant, Plaintiffs, RAMIRO SERAFIN FLORES, Individually and as Representative of the estates of ALEJANDRO SERAFIN GUERRERO, DECEASED, and MA ESTHER GUERRERO REYES, individually have experienced damages including, but not limited to, the following:

   a. Expenses for care, treatment and hospitalization incident to the injury resulting in death;
   b. Compensation for pain and suffering of the decedent;
   c. The reasonable funeral expenses of the decedent;
   d. The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
      i. Net income of the decedent,
      ii. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,
      iii. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

## WRONGFUL DEATH OF JUAN HUMBERTO RINCON MARTINEZ

44. As a direct and proximate result of the previously discussed negligent conduct of Defendants, Plaintiffs, JUAN RINCON SOTO, Individually and as Representative of the estate of JUAN HUMBERTO RINCON MARTINEZ, DECEASED, ANA LUISA MARTINEZ CERVANTES, ELIZABETH GARCIA DIOSDADO individually and as next friend of A.S.R.G., D.V.R.G. and J.H.R.G., BLANCA SUGEY GUZMAN SANCHEZ as next friend of E.H.R.G. have experienced damages including, but not limited to, the following:

a. Expenses for care, treatment and hospitalization incident to the injury resulting in death;
   b. Compensation for pain and suffering of the decedent;
   c. The reasonable funeral expenses of the decedent;
   d. The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
      i. Net income of the decedent,
      ii. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,
      iii. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

## WRONGFUL DEATH OF PORFIRIO JAVIER SANCHEZ MENDOZA

45. As a direct and proximate result of the previously discussed negligent conduct of Defendant, Plaintiffs, EMMA REYNA DAVILA, Individually and as Representative of the estate of PORFIRIO JAVIER SANCHEZ MENDOZA, DECEASED and VALERIA SANCHEZ REYNA individually have experienced damages including, but not limited to, the following:

   a. Expenses for care, treatment and hospitalization incident to the injury resulting in death;
   b. Compensation for pain and suffering of the decedent;
   c. The reasonable funeral expenses of the decedent;
   d. The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
      i. Net income of the decedent,
      ii. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,
      iii. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

## WRONGFUL DEATH OF OLEGARIO ANDRADE ZAMORANO

46. As a direct and proximate result of the previously discussed negligent conduct of Defendant, Plaintiffs, TRINIDAD VALVERDE ESPERICUETA, Individually and as Representative of the estate of OLEGARIO ANDRADE ZAMORANO, DECEASED, and EDWIN IGNACIO ANDRADE VALVERDE, JESSICA JANETH ANDRADE VALVERDE, and CARLOS GEOVANNI ANDRADE VALVERDE, individually have experienced damages including, but not limited to, the following:

   a. Expenses for care, treatment and hospitalization incident to the injury resulting in death;
   b. Compensation for pain and suffering of the decedent;
   c. The reasonable funeral expenses of the decedent;
   d. The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
      i. Net income of the decedent,
      ii. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,
      iii. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

## SURVIVAL CLAIM AS TO THE ESTATE OF ALEJANDRO SERAFIN GUERRERO

47. As a direct and proximate result of the previously discussed negligent conduct of Defendants, Plaintiff, RAMIRO SERAFIN FLORES, As Representative of The Estate of Alejandro Serafin Guerrero, Deceased, brings claims for survival damages suffered in each of the following ways and seek compensation for each of the following;

   a. Pain and mental anguish; and

15

b. Funeral and burial expenses.

## SURVIVAL CLAIM AS TO THE ESTATE OF JUAN HUMBERTO RINCON MARTINEZ

48. As a direct and proximate result of the previously discussed negligent conduct of Defendant, Plaintiff, JUAN RINCON SOTO, As Representative Of The Estate Of Juan Humberto Rincon Martinez, Deceased, brings claims for survival damages suffered in each of the following ways and seek compensation for each of the following:

   a. Pain and mental anguish; and

   b. Funeral and burial expenses.

## SURVIVAL CLAIM AS TO THE ESTATE OF PORFIRIO JAVIER SANCHEZ MENDOZA

49. As a direct and proximate result of the previously discussed negligent conduct of Defendants, Plaintiff, EMMA REYNA DAVILA, As Representative Of The Estate Of Porfirio Javier Sanchez Mendoza, Deceased, brings claims for survival damages suffered in each of the following ways and seek compensation for each of the following:

   c. Pain and mental anguish; and

   d. Funeral and burial expenses.

## SURVIVAL CLAIM AS TO THE ESTATE OF OLEGARIO ANDRADE ZAMORANO

50. As a direct and proximate result of the previously discussed negligent conduct

16

of Defendants, Plaintiff, TRINIDAD VALVERDE ESPERICUETA, As Representative Of The Estate Of Olegario Andrade Zamorano, Deceased, brings claims for survival damages suffered in each of the following ways and seek compensation for each of the following:

    e. Pain and mental anguish; and

    f. Funeral and burial expenses.

## DAMAGES CONSIDERED SEPARATELY

51. Plaintiffs respectfully assert their request that they be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs for the injuries, losses and damages incurred, and to be incurred, and that each element of Plaintiffs' damages be considered separately and individually, segregating the past and future losses, so that pre-judgment interest due to Plaintiffs may be computed.

## PREJUDGMENT INTEREST

52. Plaintiffs claim interest at the maximum legal rate on damages suffered as a result of the Defendants' conduct.

## REQUEST FOR JURY TRIAL

53. Plaintiffs respectfully request a jury trial of all claims stated herein and have paid the appropriate fee.

## PRAYER

54. Plaintiffs respectfully pray that they have and recover all judgment of and from the Defendants for the damages stated herein, with all costs of court, prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, and all other relief, both general and specific, at law or in equity, to which Plaintiffs may show to be justly entitled.

                Respectfully submitted,

This the 22nd day of November, 2024.

        /s/ Brett Dressler
        Brett Dressler (NC State Bar No. 34516)
        SELLERS AYERS DORTCH & LYONS, P.A.
        301 South McDowell Street, Suite 410
        Charlotte, NC  28204
        Telephone:  (704) 377-5050
        Facsimile:   (704) 339-0172
        Email:  bdressler@sellersayers.com

18

Case 3:24-cv-01097-MOC-DCK    Document 1-4    Filed 12/18/24    Page 19 of 19