# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
No. 3:24-cv-01097-MOC-DCK

| | |
|---|---|
| RAMIRO SERAFIN FLORES, Individually and on Behalf of the Estate of ALEJANDRO SERAFIN GUERRERO, MA ESTHER GEURRERO REYES, JUAN RINCON SOTO, Individually and on Behalf of the Estate of JUAN HUMBERTO RINCON MARTINEZ, ANA LUISA MARTINEZ CERVANTES, ELIZABETH GARCIA DIOSDADO, INDIVIDUALLY AND AS NEXT FRIEND OF A.S.R.G., D.V.R.G. AND J.H.R.G., BLANCA SUGEY GUZMAN SANCHEZ, as Next Friend of E.H.R.G., EMMA REYNA DAVILA Individually and on Behalf of the Estate of PORFIRIO JAVIER SANZHEZ MENDOZA, VALERIA SANCHEZ REYNA, Individually, TRINIDAD VALVERDE ESPERICUETA, individually and as Representative of the Estate of OLEGARIO ANDRADE ZAMORANO, EDWIN IGNACIO ANDRADE VALVERDE, JESSICA JANETH ANDRADE VALVERDE and CARLOS GEOVANNI ANDRADE VALVERDE, <br><br> Plaintiffs, <br><br> vs. <br><br> RTX CORPORATION and COLLINS AEROSPACE, <br><br> Defendants. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT RTX CORPORATION TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant RTX Corporation (hereinafter referred to as "Defendant" or "RTX"), by and

through its undersigned counsel, hereby answers the Amended Complaint filed by the Plaintiffs.

## ANSWER

As to the specific allegations of the Amended Complaint, RTX responds:

### As to "PARTIES"

1-12. RTX lacks sufficient information to either admit or deny the allegations of Paragraphs 1 through 12 and on that basis denies same.

13. RTX admits that it is a foreign corporation authorized to do business in the State of North Carolina. RTX denies that its principal place of business is located in Mecklenburg County, NC.

14. RTX denies that COLLINS AEROSPACE is a wholly owned subsidiary and/or division of Defendant with its principal place of business located in Mecklenburg County, NC.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and specifically denies that Goodrich Corporation became part of Collins Aerospace or that Collins Aerospace is a wholly owned subsidiary and/or division of RTX or that RTX has its principal place of business located in Mecklenburg County, NC.

### As to "JURISDICTION AND VENUE"

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent that Paragraph 16 contains allegations of fact, RTX denies the allegations.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that Paragraph 17 contains allegations of fact, RTX denies that Mecklenburg County, North Carolina is the county where RTX maintains its headquarters and principal place of business. RTX further denies all other allegations.

**As to "FACTS"**

18. RTX denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18. Paragraph 18 also contains legal conclusions to which no response is required. To the extent that Paragraph 18 contains allegations of fact, RTX denies the allegations.

19. RTX denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. RTX denies that it designed, manufactured, or overhauled the servo control units or any other component on the subject helicopter. As to the remaining allegations in Paragraph 20, RTX denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies the same.

21. Paragraph 21 does not contain any allegations directed to RTX to which a response is required, to the extent that it is determined that any allegations of Paragraph 21 require a response from RTX, all such allegations are denied.

**As to "COUNT 1:**
**DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANTS"**

22. RTX repeats its responses to each and every prior and subsequent allegation as though fully set forth herein.

23. RTX denies that it designed, manufactured, assembled, supplied, distributed and/or sold the aforementioned engine and/or related component parts or any other component of the accident helicopter. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent that Paragraph 24 contains allegations of fact, RTX denies the allegations.

3

25. RTX denies the allegations directed at it in Paragraph 25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations therein.

26. RTX denies that it designed, manufactured, marketed, and distributed the servo control units on the subject helicopter. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations asserted therein.

27. RTX denies the allegations in Paragraph 27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations asserted therein.

28. RTX denies the allegations in Paragraph 28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent that Paragraph 29 contains allegations of fact, RTX denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies all allegations therein.

30. RTX denies all allegations of Paragraph 30 directed to RTX. RTX denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

31. RTX denies all allegations in Paragraph 31, including all subparagraphs, directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

32.     RTX denies all allegations in Paragraph 32 directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

33.     RTX denies all allegations in Paragraph 33 directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and denies all allegations contained therein.

**As to "COUNT 2:**
**NEGLIGENT FAILURE TO USE ORDINARY CARE TO MAINTAIN, SERVICE, OVERHAUL, AND/OR INSPECT THE SERVO CONTROL UNITS BY DEFENDANTS"**

34.     RTX repeats its responses to each and every prior and subsequent allegation as though fully set forth herein.

35.     RTX denies all allegations in Paragraph 35 directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

36.     RTX denies all allegations in Paragraph 36 directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

37.     RTX denies all allegations in Paragraph 37 directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

38.     RTX denies all allegations in Paragraph 38, including all subparagraphs, directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations therein.

5

39.     RTX denies all allegations in Paragraph 39 directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

40.     RTX denies all allegations in Paragraph 40 directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

**As to "COUNT 3:**
**GROSS NEGLIGENCE BY DEFENDANTS"**

41.     Defendant repeats its responses to each and every prior and subsequent allegation as though fully set forth herein.

42.     Paragraph 42 contains legal conclusions to which no response is required.  To the extent that Paragraph 42 contains allegations of fact, RTX denies all allegations directed to RTX. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any other defendant and therefore denies all allegations contained therein.

**As to "DAMAGES"**

43-50. RTX denies all allegations in Paragraphs 43 through 50, including all subparagraphs.

**As to "DAMAGES CONSIDERED SEPARATELY"**

51.     RTX denies all allegations in Paragraph 51.

**As to "PREJUDGMENT INTEREST"**

52.     RTX denies that it is responsible for any damages, including, but not limited to, claims of prejudgment interest.

6

<strong><u>As to "REQUEST FOR JURY TRIAL"</u></strong>

53.     Paragraph 53 does not contain any allegations directed to RTX. To the extent that it is determined that any response to Paragraph 53 is required from RTX, all such allegations are denied.

<strong><u>As to "PRAYER"</u></strong>

54.     RTX denies that Plaintiffs are entitled to any damages from RTX as a result of this loss and further prays that Plaintiffs take nothing by way of this Amended Complaint and that RTX be awarded its cost and disbursements of this action.

<strong><u>GENERAL DENIAL</u></strong>

Any allegation directed to RTX not expressly admitted or responded to are hereby denied.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

RTX asserts the following affirmative defenses.  Defendant reserves the right to add or withdraw applicable defenses as appropriate.

<strong><u>FIRST AFFIRMATIVE DEFENSE</u></strong>

Plaintiffs' claims against RTX, all of which are personal injury or product liability claims, are barred by the expiration of the statute of repose. N.C. Gen. Stat. § 1-46.1 provides that "[n]o action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption."  Further, if the date of initial date of purchase is before 2009, then the length of time is 6 years. N.C. Gen. Stat. § 1-50(a)(6).  Either statute would bar Plaintiffs' claims herein. The running of a statutory repose period "serves as an unyielding and absolute barrier that prevents a plaintiff's right of

7

action even before his cause of action may accrue." *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint may be barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint should be dismissed or transferred under the doctrine of *forum non conveniens*.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state facts sufficient to state a claim for relief against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and the alleged beneficiaries of the decedents' estate may lack capacity and/or standing to bring this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law, including, but not limited to Federal Aviation Administration Authorization Act.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies that its conduct was a cause or proximate cause of the Plaintiffs' alleged injuries and damages. Further, Plaintiffs' alleged damages, if any, were caused, in whole or in part, by the acts and/or omissions, including, but not limited to, unusual negligent acts or willful acts and/or omissions by other persons or entities, named or unnamed, over whom Defendant had no control or right to control, including, but not limited to, the pilots and operators of the accident aircraft, and those acts and/or omissions were the sole proximate cause

or an intervening or superseding cause of any injuries or damages sustained by Plaintiffs. At this point, Defendant has not had the benefit of discovery and does not specifically know the identity of any such third parties and will amend this defense, if needed, to identify same when discovered.

<b><u>EIGHTH AFFIRMATIVE DEFENSE</u></b>

Plaintiffs' damages, if any, were caused by the acts or omission of other persons or entities which Defendant is not liable or responsible. In the event Defendant is found liable to Plaintiffs, which Defendant expressly denies, Defendant may be entitled to indemnification contribution or apportionment of liability and fault pursuant to applicable law.

<b><u>NINTH AFFIRMATIVE DEFENSE</u></b>

The claims and any recovery by Plaintiffs may be barred, in whole or in part, under the applicable laws governing comparative fault, contributory negligence, and/or assumption of the risk due to the acts or omissions of the Plaintiffs.

<b><u>TENTH AFFIRMATIVE DEFENSE</u></b>

The damages, if any, of Plaintiffs may have been directly and proximately caused by an unavoidable accident or act of God for which Defendant is not liable.

<b><u>ELEVENTH AFFIRMATIVE DEFENSE</u></b>

Plaintiffs' Amended Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties.

<b><u>TWELFTH AFFIRMATIVE DEFENSE</u></b>

Plaintiffs' damages, if any, may be barred and/or limited under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Based upon the state of scientific, industrial, technological, and military knowledge existing at the time, the design of any and all Defendant's products, if any, were reasonably safe for the subject aircraft's normal and foreseeable use and operation at all relevant times, or in light of existing and reasonably available scientific, industrial, and technological knowledge. Accordingly, Plaintiffs' claims are barred, in whole or in part, because Defendant's product design was consistent with or exceeded the generally recognized and accepted technological, scientific, industrial, and military state-of-the-art at the time of its design, testing, manufacture, and sale.

## FOURTEENTH AFFIRMATIVE DEFENSE

The products allegedly sold by Defendant were intended for and sold to a knowledgeable and sophisticated user over whom Defendant had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs were damaged by products originally designed, prepared, tested or sold by Defendant, which Defendant expressly denies, those products were subsequently altered, modified, damaged, overhauled or misused by persons and/or entities other than Defendant, and over whom Defendant had no control or right of control, and such change, alteration, modification, damage, overhaul, failure to properly maintain, or misuse proximately caused and contributed to this accident and the resulting damages complained of, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

An award or judgment rendered in favor of Plaintiffs must be set off or reduced by the amount of benefits Plaintiffs received, or is entitled to receive, from any source as a result of the alleged incident.

10

**SEVENTEETH AFFIRMATIVE DEFENSE**

The benefits and/or utility of the design of the subject aircraft and each component thereof outweigh the risks associated therewith, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, may be barred and/or limited under applicable law due to their failure to mitigate their damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred in whole or in part by res judicata, collateral estoppel, laches, waiver, and/or unclean hands.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

While denying any and all allegations of negligence, wrongdoing, fault, or liability, Defendant states that it would be entitled, at its sole election, to a full credit, offset, pro-rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling defendant or non-party, in the event Plaintiff settle with any defendant or non-party.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims may be barred in whole or in part because Plaintiffs may have already received full satisfaction and/or compensation for the injuries and damages, if any, and the claims may be barred by Plaintiffs' prior release of claims and/or accord and satisfaction with any entity.

11

### TWENTY-THIRD AFFIRMATIVE DEFENSE

An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or is entitled to receive, from any source as a result of the deaths of their decedent.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

With regard to any claims involving decedents who were members of the flight crew on the subject aircraft at the time of the accident, recovery is barred or should be reduced by the applicable law because of the contributory negligence, contributory fault, and/or assumption of the risk by those decedents.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal law, and the aircraft components at issue were certified as safe and airworthy by the Federal Aviation Administration.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the learned intermediary, knowledgeable user, and/or sophisticated user doctrines. At all relevant times herein, other persons or entities were in the position of learned intermediaries, fully knowledgeable and informed with respect to the risks and benefits of the use, operation and/or capabilities of the subject aircraft at issue in this action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

While denying that Plaintiffs are entitled to any relief whatsoever, if Defendant is required to pay a monetary award to Plaintiffs, Defendant claims a set-off against any monies received by Plaintiffs for their alleged injuries or damages, including, but not limited to, any insurance proceeds.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, Defendant invokes each and every constitutional and statutory defense available to it under the constitutions, statutes, civil or other law of each of the other forty-nine states, the District of Columbia, the territories and possessions of the United States, and/or applicable foreign law. These laws specifically include, but are not limited to, provisions relating to due process, access to the courts, statutes of limitations and repose, and limitations on compensatory, non-economic, and punitive damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant hereby adopts and incorporates by reference any affirmative defense asserted by any other defendants to this action, to the extent such affirmative defense applies to Defendant, as if fully set forth herein.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant should be dismissed for lack of personal jurisdiction in the State of North Carolina.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant should be dismissed as the Western District of North Carolina is the improper venue for this action.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant asserts all defenses contained in North Carolina Chapter 99B.

### RESERVATION OF FURTHER DEFENSES

Defendant reserves the right to amend its Answer and to assert any and all additional defenses as may be revealed by further investigation, discovery, and determination of the substantive law that will govern this case.

## PRAYER FOR RELIEF

Defendant prays for the following relief from this court:

1.      A judgment that Plaintiffs take nothing from Defendant by way of Plaintiffs' Amended Complaint;

2.      An award to Defendant of costs of suit and recoverable attorneys' fees; and

3.      Such other and further relief as this court deems proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury.

This the 27th day of December, 2024.

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By:    /s/ Amelia L. Serrat
       Kirk G. Warner
       North Carolina State Bar No. 16238
       Amelia L. Serrat
       North Carolina State Bar No. 49508
       Post Office Box 2611
       Raleigh, North Carolina 27602-2611
       Telephone:    (919) 821-1220
       Facsimile:    (919) 821-6800
       Email:        kwarner@smithlaw.com
                     aserrat@smithlaw.com

14

FITZPATRICK, HUNT, & PAGANO, LLP

Doug Griffith (*pro hac vice* application
forthcoming)
California State Bar No. 185333
633 West Fifth Street
60th Floor
Los Angeles, California 90071
Telephone:     (213) 873-2100
E-mail:        doug.griffith@fitzhunt.com

Nicholas C. Bart (*pro hac vice* application
forthcoming)
Illinois State Bar No. 6257719
10 South LaSalle Street
Suite 3400
Chicago, Illinois 60603
Telephone:     (312) 728-4000
E-mail:        nick.bart@fitzhunt.com

*Attorneys for Defendant RTX Corporation*

15

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on the 27th day of December, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and served via electronic mail upon the following:

Brett Dressler
Sellers Ayers Dortch & Lyons, P.A.
301 South McDowell Street, Suite 410
Charlotte, NC 28204
bdressler@sellersayers.com
*Attorney for Plaintiffs*

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By:    /s/ Amelia L. Serrat
Kirk G. Warner
North Carolina State Bar No. 16238
Amelia L. Serrat
North Carolina State Bar No. 49508
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone:    (919) 821-1220
Facsimile:    (919) 821-6800
Email:    kwarner@smithlaw.com
aserrat@smithlaw.com

*Attorneys for Defendant RTX Corporation*

16